IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH DIGENOVA,**<br>　　　**Plaintiff,**<br><br>　　　vs.<br><br>**UNITE HERE LOCAL 274, ET AL.,**<br>　　　**Defendants.** | **CIVIL ACTION**<br><br>**NO. 16-1222** |

**Baylson, J.**                                                                                                      **August 24, 2016**

**MEMORANDUM RE PLAINTIFF'S "EMERGENT CIRCUMSTANCE" MOTION**

　　　Presently before this Court is *pro se* plaintiff Joseph DiGenova's Motion for "Emergent Circumstance" (ECF 9, the "Motion"). The Court, under its obligation to liberally construe *pro se* submissions and to interpret them to raise the strongest arguments suggested therein, construes Mr. DiGenova's Motion as one seeking reconsideration of this Court's Order (ECF 8), dated June 6, 2016, granting defendants UNITE HERE Local 274's ("Local") and Mike Mullins' (together with Local, "Defendants") motion to dismiss Mr. DiGenova's Complaint, with prejudice.

　　　In dismissing Mr. DiGenova's Complaint, this Court determined that Mr. DiGenova improperly served his Complaint on Defendants and that his asserted claims were dismissed for failure to exhaust administrative remedies. Mr. DiGenova now argues that the Court has misunderstood his Complaint, which he argues was not asserting claims for age discrimination, but seeking only to obtain the testimony of several nonparties in support of the pending investigation of his administrative complaint before the Philadelphia Commission on Human Relations ("PhilaCHR").

　　　"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the

1

availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In his Motion, Mr. DiGenova argues that his Complaint did not state claims for age discrimination, which this Court read into his Complaint pursuant to its duty to liberally construe *pro se* submissions. (Pl.'s Mot. for Emergent Circumstance ("Mot.") at 1).[1] Rather, Mr. DiGenova states that his only request to this Court was to obtain the testimony of nonparties Tim O'Toole, Police Officer Keller,[2] and Derrick Petaway. (Mot. at 2, 3). In addition, Mr. DiGenova states that defendant Mike Mullins lied to the PhilaCHR in the course of its investigation of Mr. DiGenova's administrative complaint before that agency, and that he needs this Court to address this issue because the "PCHR does not address purgery[ sic]." (Mot. at 2).

In support of his Motion, Mr. DiGenova attaches the following exhibits: (1) Local's Position Statement in response to Mr. DiGenova's administrative complaint before the PhilaCHR; (2) his resume; (3) a letter from Kristen Sorek, Office Manager at Local, indicating that Mr. DiGenova "receives banquet server work through" Local; (4) an earnings statement from the Park Hyatt Philadelphia, showing a pay date of February 10, 2006; (5) the collective bargaining agreement between Local and Sonesta Philadelphia; and (6) submissions from Mr. DiGenova's previous action before this Court, styled Unite Here Local 274 Banquet Servers A List v. Sheraton Univ. City/MS Employment, Civ. No. 13-3787. None of these documents constitute new evidence compelling the Court to reconsider its prior Order.

In denying Mr. DiGenova's motion for reconsideration of its prior Order, the Court recognizes that it erroneously referred to Mr. DiGenova's administrative complaint, filed with

---

[1] Because Mr. DiGenova's Motion is not paginated, the Court will, for ease of reference, refer to the ECF legend numbers.
[2] Neither Mr. DiGenova's Motion nor Defendants' opposition provides Officer Keller's first name.

the *Philadelphia* Commission, as one filed with the *Pennsylvania* Commission.  (ECF 7 at 1, 12).  However, this is a distinction without a difference.  "Filing a discrimination charge with the Philadelphia Commission on Human Relations . . . is considered tantamount to filing a complaint with the" Pennsylvania Human Relations Commission ("PHRC").  Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK), No. 05-880, 2005 WL 3021101, at *3 n.7 (E.D. Pa. Nov. 10, 2005); see also Woodson v. Scott Paper Co., 109 F.3d 913, 927 n.15 (3d Cir. 1997) (citing with approval district court's decision in Kedra v. Nazareth Hosp., 857 F. Supp. 430, 433 (E.D. Pa. 1994), which predicted that the Supreme Court of Pennsylvania "would hold that a filing with the [PhilaCHR] constitutes actual and sufficient compliance with the Pennsylvania Human Relations Act.").

In Pennsylvania, an employee "is required to exhaust administrative remedies available through the Philadelphia *or* Pennsylvania Commission before filing a civil action."  Marriott Corp. v. Alexander, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002) (emphasis added).  Moreover, courts in this district have recognized that, "[b]efore the discriminatee may file a charge . . . she must exhaust state administrative remedies by filing charges with the appropriate state agency and *waiting for the agency to dispose of the matter or for a prescribed time period to run*."  Flesch v. E. Pa. Psychiatric Inst., 434 F. Supp. 963, 969 n.3 (E.D. Pa. 1977) (emphasis added); accord Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610, 615 (E.D. Pa. 2001) (stating the district court "do[es] not believe that the Pennsylvania Supreme Court would . . . allow Philadelphia employees to circumvent the PHRA and proceed directly to court without first exhausting their administrative remedies, through either the Philadelphia Commission or the PHRC.").

Here, as the Court noted in its prior Memorandum (ECF 7), the "prescribed time period

to run" for an administrative claim brought before the PHRC is "one year after its filing, unless the PHRC resolves the claim before the one year has elapsed." Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) (citing 43 Pa. Cons. Stat. § 962(c)(1)).  The Pennsylvania Human Relations Act ("PHRA") allows the establishment of local human relations commissions, such as the PhilaCHR, with "powers and duties similar to those now exercised by the Pennsylvania Human Relations Commission under the Provisions of this act."  43 Pa. Cons. Stat. § 962.1(d). It does not follow that Mr. DiGenova can avoid this one-year jurisdictional requirement simply by filing his administrative complaint with the Philadelphia, as opposed to Pennsylvania, Commission on Human Relations.  See Diep v. Southwark Metal Mfg. Co., No.00-6136, 2001 WL 283146, at *4 (E.D. Pa. Mar. 19, 2001) (concluding "that by filing with the Philadelphia Commission, plaintiff was, by the clear terms of the statute, resorting to the procedure provided in the PHRA.").

    As Mr. DiGenova's exhibits to his Motion make clear, his administrative complaint before the PhilaCHR has been assigned to a representative for investigation (Mot. at 2), and Local has filed their Response, dated June 2, 2016 (Mot. at 7-11).  However, the PhilaCHR has not issued a decision, nor has one year elapsed since the filing of Mr. DiGenova's administrative complaint with the PhilaCHR on March 15, 2016.  Accordingly, before filing suit in this Court on the basis of his claim or claims before the PhilaCHR, Mr. DiGenova must either wait (1) one year, or (2) for the PhilaCHR to resolve his claim.  Cf. Kedra, 857 F. Supp. at 433 (finding exhaustion where PhilaCHR, but not PHRC, "conduct[ed] its own investigation and found Kedra's 'Charge Not Substantiated.'").

    In addition, to the extent that Mr. DiGenova's Complaint sought the power of this Court to issue subpoenas to obtain the testimony of nonparties Mr. O'Toole, Mr. Petaway, and Police

4

Officer Keller, the Court directs Mr. DiGenova to Chapter 9-1100 of the Philadelphia Code, specifically § 9-1115(1), which provides that "[a]fter the filing of any complaint, the Commission shall make a prompt investigation. In the conduct of such investigation the Commission may issue subpoenas to any person charged with an unlawful practice to furnish information, records or other documents in accordance with § 8-409 of the Philadelphia Home Rule Charter." Section 8-409, reproduced here in full for Mr. DiGenova's benefit, provides:

> Every officer, department, board or commission authorized to hold hearings or conduct investigations shall have power to compel the attendance of witnesses and the production of documents and other evidence and for that purpose it may issue subpoenas requiring the attendance of persons and the production of documents and cause them to be served in any part of the City. If any witness shall refuse to testify as to any fact within his knowledge or to produce any documents within his possession or under his control, the facts relating to such refusal shall forthwith be report to any one of the Courts of Common Pleas of Philadelphia County and all questions arising upon such refusal and also upon any new evidence not included in the report, which new evidence may be offered either in behalf of or against such witness, shall as promptly as possible be heard by such court. If the court shall determine that the testimony or document required by such witness is legally competent and ought to be given or produced by him, the court may make an order commanding such witness to testify or to produce documents or do both and if the witness shall thereafter refuse so to testify or so to produce documents in disobedience of such order of the court, the court may deal with the witness as in other cases.

Phila. Code art. VIII, § 8-409.

The Court implores Mr. DiGenova to avail himself of all procedures available to him under applicable Philadelphia regulations in order to obtain the testimony from the aforementioned individuals. Mr. DiGenova may not, however, seek the power of this Court to do so.

An appropriate Order follows.

O:\CIVIL 16\16-1222 DiGenova v UNITE HERE Local 274\Memo Denying Emergent Motion.docx